IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRISTINE DIANE BATTLES, et al.** | § | |
| | § | |
| **V.** | § | **A-20-CV-267-RP** |
| | § | |
| **FCA US, LLC, d/b/a CHRYSLER** | § | |
| **GROUP LLC , et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Motion for Remand (Dkt. No. 8); Plaintiffs' Motion for Leave to File First Amended Complaint (Dkt. No. 17); Plaintiffs' Motion to File Second Amended Complaint (Dkt. No. 30); and all related responses and replies. The District Judge referred the undersigned the motions for leave to amend for disposition, and the remand motion for report and recommendation, pursuant to 28 U.S.C. §636(b)(1), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

**I. BACKGROUND**

Christine and John Battles originally filed this suit in the 33rd Judicial District Court of Burnet County, Texas, alleging negligence claims on their own behalf and on behalf of the estate of their son, Justin Battles. Justin Battles was killed when his 2014 Dodge Ram 2500 pickup truck was inadvertently put into gear, and then pinned him between the truck and a wall. Plaintiffs sued Defendants FCA US, LLC, d/b/a Chrysler Group LLC and The Khoury Group, LLC d/b/a Ram Country Auto World of Marble Falls.  In their Original Petition they alleged claims of: (1) design defects as to all Defendants; (2) manufacturer's defect as to Chrysler; (3) strict liability in tort as to

all Defendants; (4) failure to warn as to all Defendants; and (5) breach of implied warranty as to all Defendants. Dkt. No 1-1.

FCA US removed the case to this court based on diversity jurisdiction. Dkt. No. 1. It argues that AutoWorld, the dealer that sold Battles the truck, was improperly joined as a defendant in this case to defeat diversity jurisdiction. *Id.* Defendants assert that AutoWorld, a Texas entity, is not a proper defendant because Texas Civil Practice & Remedies Code § 82.003 provides that a seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves that one of seven exceptions apply. Defendants maintain that here, Plaintiffs fail to sufficiently plead facts establishing any exception applies. Plaintiffs in turn move to remand arguing that two of the exceptions apply. Additionally, Plaintiffs move to amend their complaint to add the proper dealer, and to elaborate on the facts to support the applicability of the exceptions.

### III. ANALYSIS

**A.     Motions to Amend Complaint**

Plaintiffs have filed two motions to amend their Complaint—Motion for Leave to File First Amended Complaint (Dkt. No. 17) and Motion for Leave to File Second Amended Complaint (Dkt. No. 30). Both were referred to the undersigned for disposition. Because the second motion subsumes all of the material Plaintiffs sought to add in the First Amended Complaint, the first motion seeking leave to amend (Dkt. No. 17) is now **MOOT** and for that reason is **DENIED**. The focus is therefore on the proposed Second Amended Complaint, and whether Plaintiffs should be permitted leave to file it. Plaintiffs state that the proposed amendment "clarifies with more specificity the nature of the claims brought" and also seeks leave to add as a defendant Ram Country Mineral Wells, LLC, d/b/a AutoWorld of Marble Falls ("AutoWorld"). FCA US has identified

AutoWorld as the dealership that sold Mr. Battles the truck, and explained that The Khoury Group (the originally named local defendant) is the dealership's management company. Dkt. No. 14 at 1 n.1. Thus, in the Second Amended Complaint, Plaintiffs seek to name AutoWorld as a defendant based on the fact that it sold the truck to Mr. Battles.

FCA US and The Khoury Group oppose the motion for leave to file the amendment, contending that it is "nothing more than an attempt to add new allegations against the non-manufacturing seller" in an attempt to defeat federal diversity jurisdiction. Dkt. No. 31 at 3. Defendants assert that it is too late to add these new allegations, and that, even if allowed, they are insufficient under Texas law to state a viable claim against an "innocent" seller of an allegedly defective product. The entirety of Defendants' opposition is based on this assertion, and Defendants concede that AutoWorld is in fact the dealership that sold the truck.

The question of whether Plaintiffs' claim against the dealer is enough to establish a cause of action against it is the very same question the Court must decide to resolve the motion to remand. Thus, the argument FCA US makes against permitting amendment is the very same argument it makes in opposing the Plaintiffs' motion to remand. That argument is that the dealership is improperly joined and its citizenship should be ignored in determining whether the Court has diversity jurisdiction. And whether the allegedly improperly joined defendant is The Khoury Group only, or The Khoury Group plus AutoWorld is of no moment to the remand issue. Both are citizens of Texas, and if either one is properly joined it will defeat diversity and require the remand of the case. And, as noted, FCA US does not otherwise object to the addition of AutoWorld.

Because there is no dispute that AutoWorld is the dealership that sold Mr. Battles his truck, and because the question of whether Plaintiffs can state a viable claim against the dealer under Texas

law will be decided on the motion to remand, Plaintiffs should be permitted to file the Second Amended Complaint. Doing so will get the proper parties before the Court before the jurisdictional question is decided. To the extent Defendants object to the new factual allegations that are contained in the Second Amended Complaint, and claim that the Court may not consider them in deciding the the remand motion, that too is an issue to be resolved as part of the motion to remand, and is not a reason to deny leave to amend. The Court is aware that generally courts must decide whether removal was proper based on the pleadings that were on file at the time of removal, *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015), and a court should not permit a post-removal amendment that is designed to defeat jurisdiction, *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 717 (W.D. Tex. 2014). For the reasons described in the discussion of the motion to remand, the Court does not find that the Second Amended Complaint was filed to add a claim intended to defeat the Court's jurisdiction.[1] And Rule 15 provides that leave to amend should be freely given when justice so requires, so the Court **GRANTS** the Motion for Leave to File Second Amended Complaint (Dkt. No. 30) and directs the Clerk to file the Plaintiffs' Second Amended Complaint, attached as Exhibit A to that motion.

**B.   Diversity Jurisdiction and the Joinder of AutoWorld**

Under 28 U.S.C. § 1441(a), a civil action brought in state court over which the federal courts have original subject matter jurisdiction may be removed to federal court by a defendant. *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020). The burden is on the removing party

---

[1] Much of what is contained in FCA US's opposition to the motion for leave to amend relates to the remand issue, including its arguments regarding whether the Court may consider newly pled factual matter. *See* Dkt. No. 31. The Court will therefore take these arguments into account in its consideration of the motion to remand.

to establish there is federal jurisdiction, *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), and the court starts with a presumption against federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When a party claims, as here, that a defendant has been improperly joined to defeat diversity, it must prove "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Rico v. Flores*, 481 F.3d 234, 238–39 (5th Cir. 2007) (citing *Smallwood v. Illinois Central R.R.*, 385 F.3d 568 (5th Cir. 2004) (en banc)). The argument here involves the second of these possibilities.

To prevail on the second prong of improper joinder the removing party must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the allegedly wrongly-joined defendant. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 206 (5th Cir. 2016). A court may resolve the issue in one of two ways. It may conduct a Rule 12(b)(6)–type analysis and determine the issue on the pleadings, or it may choose to pierce the pleadings and conduct a summary factual inquiry. *Id.* at 207. The purpose of a summary inquiry is "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. But it is rarely appropriate to "pierce the pleadings," and the court should do so only when a defendant can point to undisputed facts that would preclude a plaintiff's recovery against it in state court. *Id,*; *Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003). Thus, "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. Given the limited nature of the federal courts' jurisdiction, all "contested issues of fact and any ambiguities of state law must be resolved" in favor of the party opposing removal. *Travis,* 326 F.3d at 649.

5


Nevertheless, there must be a plausible basis on which the plaintiff could recover against the defendant at issue; "a 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

### 1.   Citizenship of the Parties

Plaintiffs plead that they are citizens of Texas. Dkt. No. 1-1 at 3. In its notice of removal, FCA US (a limited liability company) states that it is a citizen of the Netherlands and the United Kingdom, which is the citizenship, respectively, of its two members. Dkt. No. 1 at 3. The dealer's management company (The Khoury Group) is a Texas limited liability company, whose sole member is an individual and Texas citizen, making it a citizen of Texas. Dkt. No. 34. The dealership is AutoWorld, which is also an LLC whose sole member of a Texas citizen, *id.*, making AutoWorld also a citizen of Texas. In brief, then, if either The Khoury Group or AutoWorld, both of which are Texas citizens, is a proper party to the case, complete diversity is lacking and the case must be remanded to state court.

### 2.   Texas Law Regarding Liability for a Defective Product

FCA US asserts that The Khoury Group and AutoWorld (collectively "AutoWorld" in what follows) are not properly joined as defendants because Texas law prohibits a party from suing the seller of a defective product for product liability unless the seller's actions fall within a defined set of exceptions, and Plaintiffs have not alleged that AutoWorld's actions fall within any of these exceptions. *See* TEX. CIV. PRAC. & REM. CODE § 82.003. Texas law defines a products liability claim as:

6

> any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE § 82.001(2). This statute further states that a "seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" at least one of seven enumerated exceptions. TEX. CIV. PRAC. & REM. CODE § 82.003(a). To state a sufficient claim against a seller of a defective product such that the joinder of the seller is not "fraudulent" for removal purposes, the "plaintiffs' pleadings need not specifically cite to any of the seven exceptions . . . . [S]o long as the plaintiffs fairly state a claim that falls within any one or more of the exceptions, remand is appropriate." *Evans v. Kawaski Motors Corp., USA*, 2015 WL 4434073, at *3 (S.D. Tex. July 17, 2015); *Frederick v. Mercedes-Benz USA, LLC*, 2020 WL 3100203, at *4–5 (S.D. Tex. June 11, 2020).

Here, Plaintiffs assert that two exceptions apply—the "alteration/modification" exception and the "express factual representation" exception. Dkt. No. 8 at 8. In this regard, the statute states that a seller is not liable under a product liability theory unless the plaintiff proves:

> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification; [or]
>
> (5) that:
>
> > (A) the seller made an express factual representation about the aspect of the product;
> >
> > (B) the representation was incorrect;
> >
> > (C) the claimant relied on the representation in obtaining or using the product; and

> (D)  if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm. . . .

TEX. CIV. PRAC. & REM. CODE § 82.003(a)(2) & (5).

### 3.  Alteration or Modification Exemption

To establish the applicability of the "alteration/modification" exception, Plaintiffs first rely on a defense raised in FCA US's Answer, where it pleads:

> The subject vehicle and all its component parts were not in substantially the same condition as when originally sold by FCA US. Said vehicle and component parts thereof were altered and/or modified since the time it left possession of FCA US.

Dkt. No. 1-2. Plaintiffs assert that FCA US's pleading puts in issue that AutoWorld may be liable as a seller that altered or modified the truck it sold to Mr. Battles. In response, Defendants argue that Plaintiffs must rely on their own Petition and not FCA US's Answer to invoke the exception, and that Plaintiffs' pleadings are inadequate to do so. Dkt. No. 14 at 10. Additionally, FCA US points out that the Answer does not include the important fact of *who* modified the vehicle, and that for a seller to be liable under the statute the seller must have been the one to make the alteration or modification. To further this argument, FCA US has submitted an affidavit from the General Manager of AutoWorld, who testifies that "neither AutoWorld nor The Khoury Groug, LLC altered, changed, or modified any part of the 2014 Dodge Ram, including the vehicle's transmission or brake system". Dkt. No. 14-1. In their Second Amended Complaint, Dkt. No. 30 at 16, Plaintiffs add one more fact to the analysis, stating that "Plaintiff's son neither misused nor materially altered the Vehicle."

The general rule is that post-removal filings may be considered on a motion to remand only to the extent those filings amplify or clarify facts alleged in the state court complaint, with new

8

claims or theories of recovery disregarded. *E.g., Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir.1999). The situation here is a bit unusual. The Plaintiffs point to FCA US's answer—filed before removal—as support for the propriety of the Plaintiffs' joinder of AutoWorld as a defendant. But they also rely on additional allegations they added on this point in the Second Amended Complaint, filed after removal. Specifically, in the Second Amended Complaint, Plaintiffs allege that

> Plaintiffs' son neither misused nor materially altered the Vehicle, and upon information and belief, the Vehicle was in the same or substantially similar condition that it was in at the time of purchase. The Vehicle was used by Mr. Battles as intended by the Defendants, without any change in its condition from the time it left the control of the Defendants until it was used by Mr. Battles.

Dkt. No. 30 at 16. And FCA US relies on the affidavit of the dealer's GM to allege the dealer was not the party that made any alteration. Taken together, the allegations and evidence suggest: (1) the truck was modified or altered sometime after its manufacture (per FCA US's answer); (2) AutoWorld did not modify or alter the truck after it came into its possession (per the affidavit of its GM); and (3) the Plaintiffs' son did not alter or modify the truck, and at the time of his death the truck was in the same condition as when he purchased it from AutoWorld (per the Second Amended Complaint). Only the clarification provided in the third item is something submitted post-removal by the Plaintiffs. This is best characterized as an amplification or clarification of pleadings that preceded removal, and is therefore properly considered in deciding the motion to remand. *Griggs,* 181 F.3d at 700. Further, FCA US is asking the Court to consider the affidavit of the dealer's GM, which was also submitted post-removal.

As noted earlier, to state a plausible Texas law claim against a product seller, making its joinder "proper" for remand/removal purposes, the "plaintiffs' pleadings need not specifically cite to any of the seven exceptions . . . so long as the plaintiffs fairly state a claim that falls within any

9

one or more of the exceptions. . . ." *Evans* 2015 WL 4434073, at*3; *Frederick* 2020 WL 3100203, at *4-5. The Court concludes that, taking these pleadings into account, the Plaintiffs have stated a plausible claim that AutoWorld may be liable for a product defect based on the alteration/modification exception. In reaching this conclusion, the Court is mindful that it is required to resolve any contested issues of fact in favor of Plaintiffs. Because AutoWorld is properly joined as a defendant on this basis, and because it is a citizen of Texas, complete diversity is lacking and remand is required.

### 4. Express Factual Representation Exemption

Plaintiffs point to a second basis for their claim against AutoWorld, based on the "express factual representation" exception of Section 82.003(a)(5). Plaintiffs argue that their pre-removal Original Petition details the basis of this exception. There, Plaintiffs pled that:

> At all times relevant herein, Defendants each were collectively and respectively negligent, grossly negligent, willful, wanton, reckless and careless in the design, development, manufacture, testing, selling, and/or marketing of The Dodge and thereby breached their duties of care owed to Plaintiffs' and their son by:
>
> ***
>
> (n) Failing to exercise reasonable care in the inspection of the subject Vehicle and its transmission system.

Dkt. No. 1-1 at 6-9.[2] Plaintiffs further argue that under Tex. Trans. Code § 548.101(2), AutoWorld was obligated to conduct an inspection of the vehicle 180 days prior to sale, which it did not do. Dkt. No. 8 at 10-11. Additionally, Plaintiffs assert that, when it charged him a safety inspection fee,

---

[2] In the motion to remand on this ground, Plaintiffs also rely on the second claim of their Petition, *see* Dkt. No. 8 at 10 (referring to "Count 2(f)"), but that claim only asserts liability against FCA US, Dkt. No. 1-1 at 9 (referring to "Claim for Relief # 2: Manufacturer's Defect as Defendant Chrysler").

AutoWorld represented to Justin Battles that it had inspected the truck. Dkt. No. 8 at 11, 19 (charging $35 for "title/safety inspection). Plaintiffs attach a CarFax report showing that, despite the fee, AutoWorld never reported to the Texas Department of Motor Vehicles that such an inspection took place. Dkt. No. 8 at 21-27. The CarFax shows that, prior to its sale to Battles on December 30, 2017, the truck was last inspected 230 days earlier, on May 14, 2017, in La Pryor, Texas, over 200 miles from the place of sale. *Id.* at 22. Plaintiffs assert that, based on the Retail Order for Sale, AutoWorld expressly represented to Battles that it had inspected the truck when it had not, that Battles relied upon this representation in purchasing the truck, and was ultimately killed by the vehicle when it inadvertently shifted into gear and crushed him.

FCA US argues persuasively that these allegations do not amount to an "express factual representation," and even if they did, the alleged representation was not "about the aspect of the product" at issue in Plaintiffs' claim (*i.e.*, the transmission or brake systems). Dkt. No. 14 at 12. Additionally, it objects to the CarFax report as hearsay and asserts it should not be considered in the Court's joinder analysis. And, like the "alteration/modification" argument above, FCA US asserts that this theory of liability is not pled by the Plaintiffs in their petition or proposed amended complaints. Moreover, it notes that the Texas Transportation Code does not require a used car dealer to inspect an auto 180 days prior to sale. In sum, FCA US asserts that Plaintiffs' pleadings are simply too spare to support this exception to Texas' innocent seller statute. Dkt. No. 14 at 13.

Even if it is assumed that charging Battles for an inspection is taken to be a representation that an inspection had been conducted, these allegations do not establish the required fourth element of this exception— that "if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm. . . ." TEX.

CIV. PRAC. & REM. CODE § 82.003(a)(5)(D). This exception applies when a seller makes an "express factual representation" about "the aspect of the product" that caused the plaintiff harm. Even reading Plaintiffs' Second Amended Complaint liberally, and indulging inferences in the Plaintiffs' favor, the allegations do not demonstrate that any representations were made to Mr. Battles about the relevant aspect of the truck—the braking or transmission systems. This exception does therefore not provide an alternative basis for a claim against the dealer. But because the alteration/modification exception is enough to state a plausible claim against The Khoury Group and AutoWorld, remand is appropriate nevertheless.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Motion for Remand (Dkt. No. 8) and **REMAND** this case to the 33rd Judicial District Court of Burnet County, Texas.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C);

*Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of February, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE